UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES RICHARD SELVAR,<br><br>    Plaintiff,<br><br>    v.<br><br>WESTERN TOWBOAT COMPANY, *et al.*,<br><br>    Defendants. | Case No. C12-349RSL<br><br>ORDER GRANTING MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER |

## I. INTRODUCTION

This matter comes before the Court on "Defendants' Joint Motion to Compel FRCP 35 Exam and for Protective Order Re: FRCP 34 Inspection" (Dkt. # 33). This case involves claims of negligence under the Jones Act, unseaworthiness, and failure to pay maintenance and cure. Plaintiff James Richard Selvar alleges that he suffered serious injuries to his back, neck, and spine while working on a barge owned by defendant Alaska Railbelt Marine ("Alaska") during his employment with defendant Western Towboat Company ("Western Towboat"). Western Towboat and Alaska (collectively "Defendants") seek an order compelling plaintiff to undergo a Federal Rule of Civil Procedure ("Rule") 35 examination. Defendants also seek a protective order restricting plaintiff's inspection of the barge on which he worked to an inspection of the barge in an empty condition, rather than in a fully loaded condition.

ORDER GRANTING MOTION
TO COMPEL AND MOTION FOR
PROTECTIVE ORDER- 1

1   For the reasons set forth below, the Court GRANTS Defendants' motion to
2   compel and motion for protective order.

## II. DISCUSSION

**A. Rule 35 Examination**

Defendants ask the Court to order plaintiff to submit to a Rule 35 examination by Dr. John Burns of the Multispecialty Panel. Motion (Dkt. # 33) at 5. Plaintiff does not dispute that a medical examination is appropriate. Rather, he seeks to attach two conditions to the examination. Response (Dkt. # 38) at 8-10. First, plaintiff seeks to limit the examination to two hours. Id. at 9. Second, plaintiff requests to videotape the examination. Id. at 9-10.[2]

Rule 35 provides that "[t]he court where the action is pending may order a party whose mental or physical condition...is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 34(a)(1). Before the Court may order a Rule 35 exam, it must determine whether the moving party has established the existence of the Rule's requirements of "in controversy" and "good cause." Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). In some situations the pleadings alone are sufficient to meet these requirements. Id. at 119. For example, a "plaintiff in a negligence action who asserts mental or physical injury...places that mental or physical injury clearly in controversy and provides defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id. (internal quotation marks and citation omitted).

In his Complaint, plaintiff asserts that he has "suffered losses including physical, mental, emotional injuries, loss of enjoyment...[and he] is permanently disabled as a

---

[2] Plaintiff also requests that the Court "rule that Dr. Burns' 1099 forms resulting from his performance of FRCP 35 examinations are discoverable." Response at 12. For the reasons set forth by Defendants, see Reply (Dkt. # 41) at 6, the Court DENIES plaintiff's request as improperly raised. See CR 7.

ORDER GRANTING MOTION
TO COMPEL AND MOTION FOR
PROTECTIVE ORDER- 2

result of Defendant's (sic) actions and will never be able to return to full time work." Complaint (Dkt. #1) at ¶ 20. Plaintiff does not dispute that his mental and physical condition is "in controversy." Response at 2-3. Based on plaintiff's pleadings and his apparent agreement that his medical and physical condition is "in controversy," the Court finds that the Defendants have met the first requirement.

The Court also finds that Defendants have shown "good cause" to compel a Rule 35 examination of plaintiff. "Good cause exists to order an examination where a movant makes an affirmative showing that the [medical examination] could adduce certain facts relevant to the action, and that the [medical examination] is necessary to the parties' case." Breed v. Vons Co., Inc., 2012 WL 2860688, at *3 (D. Nev. July 11, 2012). Defendants' request is based on the need "to determine the existence and extent of plaintiff's claimed injury and disability." Motion at 6. The Court finds that the existence and extent of plaintiff's injuries is central to his negligence claims and Defendants' defenses to those claims.

Plaintiff does not dispute that a Rule 35 examination is appropriate, but he seeks to attach two conditions to the examination. In response to plaintiff's first request, that the examination be limited two hours, Defendants have agreed that the examination will last no longer than two hours, plus fifteen minutes for plaintiff to check-in. Id. at 5. As for plaintiff's request to videotape the examination, the Court finds that plaintiff has not presented any evidence or authority that suggests that Dr. Burns will be less than impartial. Furthermore, Defendants have already agreed to allow plaintiff to have an "unobtrusive observer present at the exam." Id. Therefore, the Court denies plaintiff's request to videotape the examination.

The Court GRANTS Defendants' motion to compel plaintiff to submit to a Rule 35 examination. The plaintiff is ordered to undergo a medical examination with Dr.

ORDER GRANTING MOTION
TO COMPEL AND MOTION FOR
PROTECTIVE ORDER- 3

1    Burns at the Multispecialty Panel at a mutually agreeable time, on a mutually agreeable
2    date.  The medical examination will be no longer than two hours, plus fifteen minutes
3    for check-in.  The scope of the examination is limited to the assessment of "plaintiff's
4    current medical condition (specifically, his lower back), the cause of that condition, its
5    nature and extent, its severity, the necessity of treatment, any limitations plaintiff
6    experiences...[whether] he has reached maximum medical improvement and when that
7    occurred." Motion at 2-3.  Plaintiff is not permitted to videotape the exam.

**B.     Protective Order**

On August 16, 2012, plaintiff requested to inspect Western Towboat's tugboat, and Alaska's barge fully loaded with railcars, under Rule 34.  Declaration of Mark A. Krishner, Ex. 7.  Defendants objected to plaintiff's request to inspect the tugboat and plaintiff has since withdrawn that part of his request.  Id. at Ex. 1.  Defendants also objected to plaintiff's request to inspect the barge in a fully loaded condition due to safety concerns and the railroad's objection to the request.  Id. at Ex. 9.  However, Defendants offered to find a time for plaintiff to inspect the empty barge.  Id.

When parties do not agree whether a request for inspection is appropriate, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." New York State Ass'n for Retarded Children Inc. v. Carey, 706 F.2d 956, 961 (2d Cir. 1983) (quoting Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 908 (4th Cir. 1978)).  The party objecting to the discovery has the burden of establishing that the burdens and dangers outweigh the potential aid in the search for truth. McDonald v. Kellog Co., 2011 WL 484191, at *2 (D. Kan. Feb. 7, 2011).

Defendants do not dispute that an inspection of the barge will assist in the search for truth.  See Motion at 7.  However, Defendants seek a protective order limiting the

ORDER GRANTING MOTION
TO COMPEL AND MOTION FOR
PROTECTIVE ORDER- 4

inspection of the barge to that of the barge in an empty rather loaded condition. Defendants argue that inspecting a fully loaded barge poses significant safety risks and dangers. Id. at 7-8. Rule 34 permits inspection of defendant's property unless the defendant "makes a particularized showing" that the proposed inspection would create an undue burden or danger. McDonald, 2011 WL 484191, at *2 (internal quotations omitted). The Court finds that Defendants have made a sufficient showing that inspecting the barge in a fully loaded capacity would place Defendants' employees and the parties and their experts at risk. See Motion at 7. Defendants have presented evidence that the deck gear, rail tracks, and railcars present risks of tripping and falling, particularly for people who are not accustomed to maneuvering around such obstacles. Declaration of David Byrne (Dkt. # 36) at 2. The Court finds that Defendants' offer to allow plaintiff to inspect the barge in an unloaded condition is an appropriate compromise that will aid in the search for truth and decrease the potential risks associated with inspecting the barge.

Balancing the potential safety risks with the potential benefits of the discovery, the Court GRANTS Defendants' motion for protective order. Plaintiff may proceed with an inspection of the barge in an empty condition. Plaintiff may not inspect the barge in a loaded condition. The inspection shall take place at mutually agreeable time, on a mutually agreeable day.

**C.    Deadlines**

Defendants and plaintiff seek an extension of the deadline to disclose expert witness reports. Motion at 7; Response at 12. The Court GRANTS the parties' request and based on this extension, amends the scheduling order as follows:

Reports from expert witnesses under FRCP 26(a)(2) due        December 5, 2012

ORDER GRANTING MOTION
TO COMPEL AND MOTION FOR
PROTECTIVE ORDER- 5

| | |
|---|---|
| Discovery completed by | December 27, 2012 |
| All dispositive motions must be filed by<br>    and noted on the motion calendar no later than the<br>    fourth Friday thereafter (see CR 7(d)(3)) | January 24, 2013 |

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendants' motion to compel a Rule 35 examination of plaintiff and motion for protective order (Dkt. # 33). The Court hereby extends the deadline for expert witness reports to December 5, 2012, the discovery cutoff to December 27, 2012, and the deadline for filing dispositive motions to January 24, 2013.

DATED this 2nd day of November, 2012.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO COMPEL AND MOTION FOR
PROTECTIVE ORDER- 6